# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 19, 2001

## MARTA MONZON v. MIGUEL ANGEL MONZON

**Appeal from the Circuit Court for Hamilton County**
**No. D57538     L. Marie Williams, Judge**

### FILED JANUARY 31, 2002

### No. E2000-03155-COA-R3-CV

This is a post-divorce proceeding. Marta Monzon has filed a timely appeal seeking relief from an order of the trial court entered October 18, 2000. In her words, she seeks relief because (1) her former husband – Miguel Angel Monzon – "was repeatedly in contempt of court and res judicata was an excuse used to deviate from the fact"; (2) Mr. Monzon and his attorney "manipulated the courts"; (3) the "calculations of medical amounts owed and child support owed is [sic] not accurate"; (4) "amounts submitted as medical amounts owed and child support owed was [sic] not only wrong but it [sic] did not include interest;" (5) the appellant "had ineffective council [sic]"; and (6) she is "seeking justice through Court of Appeals." The appellant has not provided us with a transcript or statement of the evidence pertaining to hearings on August 3, 2000, and October 16, 2000, which hearings led to the entry of the order appealed from. In the absence of a sufficient record, we must presume that had a complete record been filed, it would have supported the trial court's factual findings underpinning its order of October 18, 2000. Accordingly, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Marta Monzon, Collegedale, Tennessee, Pro Se.

No appearance by appellee.

# MEMORANDUM OPINION[1]

The trial court's order of October 18, 2000, followed hearings held on August 3, 2000, and October 16, 2000. The order addresses future child support; a child support arrearage; a wage assignment; the medical bills of the parties' children, including an arrearage as to past medical bills; parenting responsibilities as between the parties; the children's federal income tax exemptions; medical/hospital insurance for the children, including possible dental/orthodontics coverage; life insurance for the benefit of the children; visitation and other parental rights with respect to the children; and other matters not germane to this appeal.

As indicated above, Ms. Monzon challenges various aspects of what the trial court decreed in its order of October 18, 2000. All of her complaints are such as to raise issues of fact that can only be addressed by reviewing a record of the evidence and stipulations, if any, presented to the trial court on August 3, 2000, and October 16, 2000. No such record has been filed on this appeal. This Court cannot review that which is not before it. The law is clear in such a situation – "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). With this assumption in mind, it is clear we cannot say that the evidence preponderates against the trial court's factual findings underlying its order of October 18, 2000. *See* Tenn. R. App. P. 13(d).

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Marta Monzon. This case is remanded for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.